UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>CARL HOLM; et al.,<br><br>    Defendants.<br>_____ / | No. C 06-5992 SI (pr)<br><br>**ORDER OF DISMISSAL** |

James E. Smith, an inmate at the Kern Valley State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. In his complaint, Smith alleges that defendant police officers, prosecutors, and state court employees violated his constitutional rights during the course of his prosecution and criminal trial in state court in 1999. He seeks money damages and injunctive relief. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Heck rule precludes plaintiff from obtaining damages at this time for the alleged constitutional violations in connection with his criminal trial. Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. Heck bars Smith's claims that his constitutional rights were violated by the conduct of defendants that allegedly caused him to be "subjected to the rigors of a sham trial" in 1999. Complaint, p. 3. These causes of action for damages do not accrue until Smith's conviction is set aside.

If Smith wants to challenge his conviction in federal court, he must file a petition for writ of habeas corpus because a petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction in this court. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, before he may file a federal petition, Smith must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

Smith's requests for declaratory and injunctive relief are not particularly clear, but do not preclude dismissal. He seeks some interim relief pending the resolution of this case, such as to "freeze all defendants' assets in the amount of 50 million, until this case is over" and "release pending this action." Complaint, p. 3. Because the action for damages must be dismissed under Heck and any challenge to the criminal conviction must be by way of a habeas petition, this

2

action will be dismissed today and there is no need for interim relief. Smith alleged that he wanted declaratory relief, but that too is inappropriate because the exclusive way for him to challenge the criminal conviction is by way of a habeas petition.

This action is dismissed. This dismissal is without prejudice to Smith filing a habeas petition to challenge his state court conviction. This dismissal is also without prejudice to Smith filing a civil action for damages concerning his conviction and trial but not unless and until his conviction has been set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: January 22, 2007

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California